UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUDITH WOODS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-546** |
| **HANCOCK WHITNEY BANK, ET AL** | **SECTION: "S" (1)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 11) is **GRANTED**, and this matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

BACKGROUND

Plaintiff filed suit in state court alleging personal injuries resulting from a slip and fall on concrete steps in a Whitney Hancock bank branch in New Orleans, Louisiana. She further alleges that she suffered damages as a result of the fall, including, inter alia, medical expenses for severe injuries and loss of wages.

Defendants, Hancock Whitney Bank, Great Northern Insurance Company, and Dyko LLC Series 1 (collectively "defendants"), removed this action from state court alleging that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and are between citizens of different states. In their removal papers, defendants assert that plaintiff is a citizen of Louisiana, defendant Hancock

Whitney Bank is citizen of Mississippi, defendant Great Northern Insurance Company is a citizen of Indiana, and defendant Dyko LLC Series 1 is a foreign limited liability company incorporated in the state of Wyoming, with its only member being Legion Holdings LLC, a Wyoming entity. Defendants further assert that the only member of Legion Holdings, LLC is Jackson Hole Trust Company as Trustee of The Vincit Trust, also a Wyoming entity. Therefore, according to defendants, Dyko LLC Series 1 ("Dyko") is deemed to be a Wyoming citizen for purposes of 28 U.S.C. § 1332(a)(1).

Plaintiff has filed the instant motion to remand, arguing that diversity is lacking because Dyko's members include Jose Miranda, a citizen of Louisiana. Plaintiff further argues that the matter should be remanded because the notice of removal was untimely filed. Defendants oppose the motion.

## DISCUSSION

*Legal Standards*

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.

2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

## DISCUSSION

Defendants removed this action alleging that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and are between citizens of different States. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008). As with limited partnerships and other unincorporated associations or entities, the citizenship of a limited liability company is determined by the citizenship of all of its members. Id. at 1080.

"Because the citizenship of a limited liability company is the citizenship of its members at the time of filing, a company that has no members at that time is effectively stateless." WRIGHT & MILLER, 13E FED. PRAC. & PROC. JURIS. § 3611 (3d ed.), n. 26 (citing ConnectU LLC v. Zuckerberg, 482 F. Supp. 2d 3 (D. Mass. 2007), rev'd on other grounds, 522 F.3d 82 (1st Cir. 2008)). Diversity jurisdiction does not exist because an LLC with no members cannot meet the Section 1332(a)(1) requirement that the dispute be between citizens of different states. Id. Acknowledging that the "case law discussing the unusual situation of citizenship of an LLC without members is sparse," another district court has found that if a limited liability company "is deemed to have no members, it is then stateless and ... there is no basis for finding diversity of citizenship as to it." State Farm Fire & Cas. Co. v. Electrolux Home Prod., Inc., 397 F. Supp. 3d

749, 751-52 (E.D. Pa. 2019) (citing <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 828 (1989)); <u>see also</u>, <u>Eagle TX I SPE, L.L.C. v. Sharif & Munir Enterprises, Inc.</u>, 602 F. App'x 576, 578 (5th Cir. 2015) (partnership with a stateless entity destroys diversity); <u>Lehmann v. Davidson Hotel Co., LLC</u>, 2015 WL 867799, at *3 (E.D. Mo. Feb. 27, 2015) ("defendant ... is effectively rendered 'stateless' for purposes of federal diversity jurisdiction because its sole member has no members. Defendant therefore cannot show that this dispute is between citizens of different states, and subject matter jurisdiction is lacking.").

  Plaintiff contends that complete diversity is lacking because defendants' notice of removal does not address the citizenship of Dyko member Jose Miranda, whose address is reflected in the Secretary of State's records as 822 Ida Street in New Orleans. However, a review of the Louisiana Secretary of State's records reflects that Miranda is a manager, not a member of Dyko. Accordingly, his citizenship has no bearing on the diversity inquiry.

  In fact, the Louisiana Secretary of State's records reflects that Dyko has no members. Defendants argue that Dyko LLC has as a member Legion Holdings, LLC, a Wisconsin citizen. However, the defendant named in the instant matter is Dyko LLC Series 1, not Dyko LLC. Further, even assuming that Dyko LLC Series 1 and Dyko LLC are the same entity, Legion Holdings, LLC is not reflected as a member of Dyko LLC Series 1 in the Louisiana Secretary of State's records.

  In addition, the documentation submitted by defendants does not support their contention. Neither the State of Wyoming Articles of Organization nor the Certificate of Organization for Dyko LLC list any members or reference Legion Holdings, LLC. See Rec. Doc. 10-2. Nor do the

4

State of Wyoming Articles of Organization and Certificate of Organization for Legion Holdings, LLC reference any Dyko entity. <u>See</u> Rec. Doc. 10-3. Finally, the court's own review of the Wyoming Secretary of State website[1] reflects that Dyko, LLC has no members.

On this record, the court finds that defendant Dyko LLC Series 1 is essentially stateless. Defendant therefore cannot show that this dispute is between citizens of different states, and subject matter jurisdiction is lacking. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 11) is **GRANTED**, and this matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this  26th  day of May, 2022.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[1] https://wyobiz.wyo.gov/Business/FilingDetails.aspx?eFNum=07312403202102209318125009619200611806816614 2172, consulted on May 19, 2022.